OPINION
{¶ 1} Appellant Billy Dee Ferguson appeals from the denial of HIS REQUEST FOR postconviction relief in the Tuscarawas County Court of Common Pleas. The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
 {¶ 2} On October 10, 2002, appellant was charged with one count of unlawful sexual conduct with a minor (a felony of the fourth degree) and one count of tampering with evidence (a felony of the third degree). These charges stemmed from appellant's sexual conduct with a fourteen-year-old female on September 8, 2002. On October 23, 2002, appellant entered pleas of guilty to both charges. Prior to sentencing, a presentence investigation was completed for the court's review. On December 10, 2002, the trial court imposed the maximum sentences on each count; i.e., eighteen months on the charge of unlawful sexual conduct with a minor, and five years on the tampering with evidence charge. The sentences were ordered to be served concurrently.
 {¶ 3} Appellant thereupon appealed, challenging the imposition of the five-year sentence on his conviction for evidence tampering. We affirmed the trial court's decision on September 2, 2003. See State v. Ferguson, Tuscarawas App. No. 2002 AP 120096, 2003-Ohio-4770. Appellant thereafter unsuccessfully sought review by the Ohio Supreme Court. SeeState v. Ferguson, 100 Ohio St.3d 1532, 800 N.E.2d 49,2003-Ohio-6458.
 {¶ 4} On July 6, 2005, appellant filed a delayed petition for postconviction relief, citing Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531 and United States v. Booker (2005),543 U.S. 220, 125 S.Ct. 738. The State filed a reply the same day. On August 23, 2005, the trial court issued a judgment entry denying appellant's petition.
 {¶ 5} On September 20, 2005, appellant filed a notice of appeal. He herein raises the following two Assignments of Error:
 {¶ 6} "I. THE TRIAL COURT ERRORED (SIC) WHEN IT FAILED TO VACATE OR SET ASIDE JUDGMENT OF SENTENCE WHEN IT FAILED TO RECOGNIZE OR HONOR THE LAW SET FORTH BY THE UNITED STATES SUPREME COURT. IN VIOLATION OF THE OF OF (SIC) THE 6TH AMENDMENT OF THE U.S. CONSTITUTION[.]
 {¶ 7} "II. THE TRIAL COURT ERRORED (SIC) WHEN IT FAILED TO RECOGNIZE AND HONOR OHIO REVISED CODE SECTION 2953.23(A)(1)(B) WHEN APPELLANT ASSERTED A NEW CONSTITUTIONAL RIGHT IN LIGHT OF BLAKELY AND BOOKER. IN VIOLATION OF THE OF THE SIXTH ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 5, 10, AND 16 OF ART. I OF THE OHIO CONSTITUTION[.]"
 I., II. {¶ 8} In his Assignments of Error, appellant contends the trial court erred in denying his delayed petition for postconviction relief. We disagree.
 {¶ 9} R.C. 2953.23(A) states in pertinent part as follows:
 {¶ 10} "Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section * * * unless division (A)(1) or (2) of this section applies:
 {¶ 11} (1) Both of the following apply:
 {¶ 12} (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 13} (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
 {¶ 14} (2) The petitioner was convicted of a felony, the petitioner is an inmate for whom DNA testing was performed under sections 2953.71 to 2953.81 of the Revised Code or under section2953.82 of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense * * *."
 {¶ 15} Appellant essentially argues that his untimely petition for postconviction relief should have been permitted to go forward under the "new federal or state right" provision of R.C. 2953.23 (A)(1)(a). However, this Court has previously recognized that Blakely does not apply retroactively to cases seeking collateral review of a conviction. See State v. Butts,
Licking App. No. 05-CA-88, 2006-Ohio-1918, ¶ 9, citing State v.Myers, Franklin App. No. 05AP-228, 2005-Ohio-5998. We therefore find appellant's petition, based upon Blakely and relatedBooker and Apprendi arguments, was properly denied by the trial court.
 {¶ 16} We additionally find that appellant further cannot meet the requirements of R.C. 2953.23(A)(1)(b) or R.C.2953.23(A)(2). The sentencing issues raised by appellant do not relate to his conviction or to a death sentence. See State v.Graber, Stark App. No. 2004CA00344, 2005-Ohio-2413, ¶ 16.
 {¶ 17} Accordingly, appellant's First and Second Assignments of Error are overruled.
 {¶ 18} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby affirmed.
Wise, P.J. Hoffman, J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed.
Costs to appellant.