OPINION
{¶ 1} Steven D. Warner appeals pro se from the trial court's denial of a petition for post-conviction relief.
 {¶ 2} Warner advances ten assignments of error on appeal. Most of the assignments of error raise sentencing issues stemming from decisions in cases such as Apprendi v. New Jersey (2000),530 U.S. 466, Ring v. Arizona (2002), 536 U.S. 584, Blakely v.Washington (2004), 542 U.S. 296, United States v. Booker
(2005), 543 U.S. 220, and State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165. Warner also asserts that the trial court erred in denying his petition for post-conviction relief without providing adequate findings of fact and conclusions of law. Finally, he contends the trial court erred by failing to give "due deference" to a claim of ineffective assistance of counsel based on counsel's failure to raise the sentencing issues at trial.
 {¶ 3} The record reflects that Warner was convicted on multiple charges of receiving stolen property and one count of bribery following a bench trial in March and April 2003. We affirmed his convictions and sentences on March 26, 2004. Along with his direct appeal, Warner initiated a flurry of pro se filings in the trial court, including a May 9, 2005, petition for post-conviction relief and an identical May 13, 2005, petition for post-conviction relief. Warner also submitted a supplement to his May 9, 2005, petition. The State opposed the petitions, arguing that they were untimely. The trial court overruled the petitions in short rulings filed on June 7, 2005, and June 10, 2005. Without addressing the timeliness issue, the trial court found the petitions to be unpersuasive on their merits. Warner subsequently filed a notice of appeal from the trial court's denial of the May 9, 2005, petition.
 {¶ 4} On appeal, the State first reiterates its argument that the May 9, 2005, petition for post-conviction relief was untimely. For his part, Warner has not responded to this argument. We will examine the timeliness issue first because R.C. § 2953.23(A) precludes a trial court from even entertaining an untimely petition unless certain exceptions apply. In cases involving a direct appeal, R.C. § 2953.21(A)(2) ordinarily requires a petition for post-conviction relief to be filed no later than 180 days after the date on which a trial transcript is filed in the court of appeals. As noted above, Warner took a direct appeal. Transcripts in his direct appeal were filed on July 1, 2003, and August 21, 2003. Therefore, he had until mid-February 2004, to file his petition for post-conviction relief in compliance with R.C. § 2953.21(A)(2). He failed to do so, as his petition was not filed until May 9, 2005.
 {¶ 5} Potential exceptions to the 180-day time limit are found in R.C. § 2953.23(A), which provides:
 {¶ 6} "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
 {¶ 7} "(1) Both of the following apply:
 {¶ 8} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 9} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted, or if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
 {¶ 10} "(2) The petitioner was convicted of a felony, the petitioner is an inmate for whom DNA testing was performed * * *, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of the sentence of death."
 {¶ 11} Warner's petition has nothing to do with results of DNA testing. Therefore, R.C. § 2953.23(A)(2) does not apply. With regard to R.C. § 2953.23(A)(1), he cannot satisfy both prongs of the standard set forth there. Assuming, purely arguendo, that Warner could satisfy § 2953.23(A)(1)(a), by relying on newly discovered facts or by raising issues involving retroactive application of new federal or state rights,[1] he cannot possibly satisfy R.C. § 2953.23(A)(1)(b). Under that provision, "a petitioner must show that `but for the constitutional errorat trial, no reasonable factfinder would have found the petitioner guilty of the offense.' * * * [T]he statute operates to bar a petitioner from challenging a sentence. * * * [A] petition for post conviction relief, which is not timely filed under R.C. 2953.21(A)(2) and raises non-death penalty sentencing issues, will be barred because R.C. 2953.23 is inapplicable to such sentencing issues." State v. Lucas, Marion App. No. 9-05-31, 2006-Ohio-2508, at ¶ 12; see also State v. Abbott,
Warren App. No. CA2005-07-086, 2006-Ohio-2398, at ¶ 20; State v.Ferguson, Tuscarawas App. No. 2005 AP 09 0066, 2006-Ohio-2263, at ¶ 16; State v. Sprenz, Summit App. No. 22433,2005-Ohio-1491, at ¶ 13.
 {¶ 12} Because Warner cannot satisfy the mandatory requirements of R.C. § 2953.23(A), his petition for post-conviction relief is subject to dismissal on the basis of untimeliness. Finally, we note that when a petition for post-conviction relief is untimely, a trial court need not issue findings of fact and conclusions of law. State ex rel. Kimbroughv. Greene, 98 Ohio St.3d 116, 117, 2002-Ohio-7042, at ¶ 6. As a result, we overrule Warner's ten assignments of error.
Judgment affirmed.
Grady, P.J., and Donovan, J., concur.
[1] With regard to some of his sentencing-based claims, Warner's ability to satisfy even R.C. § 2953.23(A)(1)(a) appears doubtful. Warner has no new facts to present, and the remainder of the provision involves the retroactive application of a new federal or state right recognized by the United States Supreme Court after expiration of the 180-day time period discussed above. Some of the cases upon which Warner relies, however, were decided before his 180-day time period expired in February 2004. We need not decide Warner's appeal on this basis, however, and need not delve into issues of retroactivity because, as set forth more fully above, he plainly cannot satisfy R.C. §2953.23(A)(1)(b).