OPINION
{¶ 1} Defendant, Phillip Shackleford, appeals from a judgment denying his R.C. 2953.21 petition for post-conviction relief.
 {¶ 2} Shackleford was convicted of two counts of rape, and on April 21, 2000 was sentenced to serve two consecutive ten- *Page 2 
year sentences on his convictions, plus an additional three years on a firearm specification. The non-minimum, consecutive sentences were imposed on findings the trial court made pursuant to R.C. 2929.14(B) and (C), 2929.24(E)(4) and (A), and 2929.19(B)(2).
 {¶ 3} Shackleford filed a timely notice of appeal. On appeal, he contested his convictions but did not assign error with respect to the sentences the trial court imposed. We overruled the error assigned and affirmed his convictions. State v. Shackleford, Montgomery App. No. 18297, 2001-Ohio-1996.
 {¶ 4} On May 5, 2003, Shackleford filed a petition for post-conviction relief, challenging the trial proceedings that led to his convictions. The trial court denied the petition. On appeal, we affirmed the trial court. State v. Shackleford, Montgomery App. No. 19965, 2004-Ohio-2431.
 {¶ 5} Shackleford filed a second petition for post-conviction relief on April 7, 2006. The State filed a motion for summary judgment pursuant to Civ.R. 56, arguing that Shackleford's petition is barred by R.C.2953.23(A). The trial court denied the petition, without a hearing, citing the decision of the Ohio Supreme Court in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Defendant Shackleford filed a *Page 3 
timely notice of appeal.
FIRST ASSIGNMENT OF ERROR {¶ 6} "DEFENDANT-APPELLANT'S TWENTY YEAR CONSECUTIVE SENTENCES FOR THE TWO FIRST DEGREE FELONIES IS VOID WHERE THE TRIAL COURT MADE JUDICIAL FACT FINDINGS THAT PREVENTED HIM FROM RECEIVING THE SHORTEST PRISON TERM PURSUANT TO O.R.C. § 2929.14(B), IN VIOLATION OF HIS ABSOLUTE RIGHT TO PROCEDURAL DUE PROCESS OF LAW REFERENCING: APPRENDI V. N.J. (2000),120 S.CT. 2348; BLAKELY V. WASHINGTON (2004), 124 S.CT. 2531; STATE V.FOSTER (2006), 109 OHIO ST3D 1, 845 N.E.2D 470, FOLLOWED."
SECOND ASSIGNMENT OF ERROR {¶ 7} "DEFENDANT-APPELLANT HAS BEEN DEPRIVED OF HIS SUBSTANTIVE AND PROCEDURAL RIGHT TO OF LAW WHERE THE STATE OF OHIO FAILED TO PROVE BEYOND A REASONABLE DOUBT ANY ENHANCER THAT WOULD HAVE ALLOWED THE TRIAL COURT TO ENHANCE HIS SENTENCE BEYOND THE MAXIMUM/MINIMUM SENTENCE OF SIX YEARS."
THIRD ASSIGNMENT OF ERROR {¶ 8} "DEFENDANT-APPELLANT'S SENTENCE MUST BE REDUCED TO THE MINIMUM SENTENCE OF SIX YEARS NOTWITHSTANDING THE DICTA OPINION OF STATE V.FOSTER (2006), 109 OHIO ST.3D 1, 845 N.E.2D 470 IN ORDER TO AVOID VIOLATION OF THE EX POST FACTO AND DOUBLE JEOPARDY CLAUSE OF THE OHIO AND UNITED STATES *Page 4 
CONSTITUTION."
 {¶ 9} The jurisdiction of the courts of common pleas is established by statute. Section 4(B), Article IV, Ohio Constitution. Pursuant to that authority, the General Assembly enacted R.C. 2953.21, which authorizes post-conviction relief for violations of a criminal defendant's federal or state constitutional rights.
 {¶ 10} The General Assembly has also enacted R.C. 2953.23, which at paragraph (A)(2) bars second or successive petitions for post-conviction relief unless "[t]he petitioner shows, by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for the constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence." (Emphasis supplied)
 {¶ 11} R.C. 2953.23(A)(2) denies jurisdiction to the common pleas courts to adjudicate second petitions for post-conviction relief, such as the petition concerned in this appeal, which challenge sentences imposed in non-capital cases, as Shackleford's was. State v.Warner, Greene App. No. *Page 5 
2005-CA-84, 2006-Ohio-3188, ¶ 11. That limitation arises from the restriction implicit in the showings that R.C. 2 953.23(A)(2) requires a petitioner to make, which is that in consequence of error that occurred "at trial," the petitioner was "found guilty" of the criminal offense concerned. Id. A sentence is the product of a guilty verdict, but a sentence imposed by the court is separate from the verdict of guilt returned at trial by the factfinder. The jurisdictional bar applies to alleged sentencing errors in non-death penalty cases, notwithstanding the constitutional character of the sentencing error alleged.
 {¶ 12} The State raised the issue of the jurisdictional bar in the motion summary judgment that it filed. The trial court instead relied on the non-retroactive holding in Foster, which Defendant-Appellant challenges on appeal.
 {¶ 13} We are, of course, also bound by the holding inFoster, which the trial court correctly applied. However, because lack of jurisdiction is a threshold issue, which can be raised at any time, we believe that where a petition for post-conviction relief is barred by R.C. 2953.23, the better approach is to deny it for that reason.
 {¶ 14} The assignments of error are overruled. The judgment of the trial court will be affirmed. *Page 6 
BROGAN, J. And WALTERS, J., concur.
(Hon. Sumner E. Walters, retired from the Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1