[Cite as *State v. Dominguez*, 2016-Ohio-5051.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 26853 |
| | : | |
| v. | : | Trial Court Case No. 2009-CR-1410 |
| | : | |
| DAVID D. DOMINGUEZ | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of July, 2016.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MEAGAN D. WOODALL, Atty. Reg. No. 0093466, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellee

DAVID D. DOMINGUEZ, #617-072, London Correctional Institution, Post Office Box 69, London, Ohio 43140
        Defendant-Appellant, *pro se*

. . . . . . . . . . . . .

HALL, J.

{¶ 1} David D. Dominguez appeals pro se from the trial court's September 23, 2015 decision overruling a motion to vacate judgment and a motion for resentencing

pursuant to Crim.R. 52(B).

{¶ 2} Dominguez's sole assignment of error states:

Because defendant failed to object to his sentences in the trial court, did he forfeit appellate review of the argument that the trial court committed plain error pursuant to Crim.R. 52(B) for failing to hold a merger hearing after demonstrating there was a facial showing of allied offenses on the record on appeal pursuant to the holding in *State v. Rogers* June 14th decision 2015-Ohio-2459.

(Appellant's brief at pg. 6).

{¶ 3} The record reflects that Dominguez was convicted and sentenced in October 2009 following a guilty plea to one count of aggravated vehicular homicide, three counts of vehicular assault, and two counts of aggravated assault. He received a combination of consecutive and concurrent sentences totaling 10 years in prison. (Doc. #40). Dominquez did not file a direct appeal.

{¶ 4} In May 2012, Dominguez filed a pro se motion to vacate a void sentence pursuant to R.C. 2941.25, Ohio's allied-offense statute. (Doc. #48). Therein, he asserted that some or all of his convictions involved allied offenses of similar import and sought to be resentenced under the standard set forth in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. In July 2012, the trial court overruled Dominguez's motion to vacate. It reasoned: "As an initial matter, even if a sentencing error had occurred, such an error is not jurisdictional and would not render his conviction void. Secondly, Defendant pled guilty to each offense and his sentence complies with Ohio C[rim].R. 32." (Doc. #49 at 2). Dominguez did not appeal from the trial court's denial of

his May 2012 motion.

{¶ 5} Instead, Dominguez filed a pro se November 2012 motion for resentencing. (Doc. #50). Therein, he requested a hearing for the trial court to determine whether his multiple convictions were subject to merger as allied offenses. In support, he claimed that his six convictions involved him striking three people with a car (and killing one of them) as he attempted to flee from a bar fight. He argued that when a plea agreement is silent on the issue of allied offenses a trial court must determine, prior to sentencing, whether allied offenses exist. Because the trial court did not address the allied-offense issue at his sentencing, Dominguez asserted that his sentence was void.

{¶ 6} Prior to obtaining a ruling on the foregoing motion, Dominguez filed a pro se December 2013 motion to vacate judgment. (Doc. #52). Therein, he essentially raised the same allied-offense argument in the context of a plain-error analysis under Crim.R. 52(B). He argued, again, that the trial court's failure to merge allied offenses rendered his sentence void.

{¶ 7} The foregoing two motions remained pending in the trial court when, in June 2015, Dominguez filed a third pro se motion, which he captioned as a "Motion for Re-Sentencing, Pursuant to Crim.R. 52(B) Trial court committed (Plain Error) in failing to conduct a Merger Hearing pursuant to R.C. 2941.25." (Doc. #53). Therein, he argued that the trial court was obligated to address the merger issue at sentencing and that its failure to do so constituted plain error.

{¶ 8} In a short September 23, 2015 decision, the trial court overruled Dominguez's pro se motions raising the allied-offense issue. It reasoned that res judicata bars all of his allied-offense arguments, which could have been raised on direct appeal, even if they are

analyzed in the context of plain error.[1] (Doc. #58 at 1-2).

{¶ 9} On appeal, Dominguez cites *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, for the following proposition: "[A]n accused has the burden to demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus; absent that showing, the accused cannot demonstrate that the trial court's failure to inquire whether the convictions merge for purposes of sentencing was plain error." *Id.* at ¶ 3. Dominguez proceeds to argue that the record below *does* demonstrate a reasonable probability that allied offenses subject to merger exist in his case and that plain error exists.

{¶ 10} Upon review, we find Dominguez's argument to be unpersuasive. We express no opinion as to the merits of the allied-offense issue or as to whether the record actually does demonstrate a reasonable probability that allied offenses subject to merger exist. We cannot reach these issues in the context of Dominguez's post-conviction motions, which were the subject of the trial court's September 23, 2015 ruling. The trial court correctly recognized that res judicata precludes consideration of Dominguez's allied-offense argument, even in the context of plain error, because he could have raised the issue on direct appeal. *State v. Byrd*, 2d Dist. Montgomery No. 26700, 2015-Ohio-5293, ¶ 10 ("The failure to merge allied offenses does not render a judgment void, but voidable. * * * Consequently, challenges to the trial court's failure to merge allied offenses

---

[1] In its appellate brief, the State asserts that Dominguez's motions were the functional equivalent of untimely petitions for post-conviction relief under R.C. 2953.23. The trial court did not address this issue in its September 23, 2015 ruling, however, and we need not do so now. As set forth more fully herein, we agree with the trial court that res judicata precluded Dominguez from raising the allied-offense issue in his motions, regardless of their alleged untimeliness.

are barred by the doctrine of res judicata if they could have been, but were not, raised on direct appeal."); *see also State v. Haynes*, 2d Dist. Clark No. 2013 CA 90, 2014-Ohio-2675, ¶ 14 ("[T]he issues raised in Haynes's assignments of error could have been raised on direct appeal, and are barred by res judicata, regardless of whether they might be characterized as plain error.").

{¶ 11} The Ohio Supreme Court's decision in *Rogers* is distinguishable because that case *did* involve a direct appeal. In *Rogers*, the allied-offense issue was raised and discussed in the context of plain error on direct appeal because it had not been raised below at sentencing. Unlike the appellant in *Rogers*, Dominguez did not raise the allied-offense issue on direct appeal. Indeed, he did not file a direct appeal. Because Dominguez could have raised the allied-offense issue in a direct appeal, the trial court correctly concluded that res judicata applied to his post-conviction motions. We see nothing in *Rogers* to the contrary.

{¶ 12} Based on the reasoning set forth above, the trial court's judgment is affirmed.

. . . . . . . . . . . . .

FROELICH, J., and WELBAUM, J., concur.


Copies mailed to:

Mathias H. Heck
Meagan D. Woodall
David D. Dominguez
Hon. Richard Skelton