[Cite as *State v. Dominguez*, 2017-Ohio-476.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.   27095 |
| | : | |
| v. | : | T.C. NO. 09CR1410 |
| | : | |
| DAVID DOMINGUEZ | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ___10th___ day of _____February_____, 2017.

. . . . . . . . . . .

MEAGAN D. WOODALL, Atty. Reg. No. 0093466, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

DAVID DOMINGUEZ, Reg. #617-072, London Correctional Institute, P. O. Box 69, London, Ohio 43140
        Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1}   This matter is before the Court on the pro se April 27, 2016 Notice of Appeal of David Dominguez.   Dominguez appeals from the March 30, 2016 "Decision Overruling Defendant's Motion for Re-Sentencing."   We hereby affirm the judgment of the trial court.

{¶ 2} On May 20, 2009, Dominguez was indicted on one count of aggravated

vehicular homicide (driving under suspension), in violation of R.C. 2903.06(A)(2)(a), a felony of the second degree; three counts of vehicular assault, in violation of R.C. 2903.08(A)(2)(b), felonies of the fourth degree; one count of aggravated assault (serious physical harm), in violation of R.C. 2903.12(A)(1), a felony of the fourth degree; and one count of aggravated assault (deadly weapon), in violation of R.C. 2903.12(A)(2), a felony of the fourth degree. Dominguez pled not guilty on May 26, 2009, and he executed a time waiver on July 7, 2009.

{¶ 3} On August 26, 2009, Dominguez pled guilty to all of the offenses. His Judgment Entry of Conviction provides that he received a mandatory seven year sentence for aggravated vehicular homicide; one and a half years on each vehicular assault offense; and one and a half years on each aggravated assault offense. The court ordered the sentences on the vehicular assault offenses to be served concurrently with each other and consecutively with the sentences imposed for aggravated vehicular homicide and aggravated assault. Finally, the court ordered that the sentences for aggravated assault to be served concurrently with each other and consecutively with the sentences for aggravated vehicular homicide and vehicular assault, for an aggregate term of 10 years. Dominguez did not file a direct appeal.

{¶ 4} On May 25, 2012, Dominguez filed a pro se "Motion to Alter, Amend or Vacate a Void Sentence Pursuant to Ohio Revised Code 2941.25," asserting that his sentence was contrary to law and void, since his offenses were allied offenses of similar import subject to merger. The State did not respond. On July 9, 2012, the trial court overruled Dominguez's motion, noting that as "an initial matter, even if a sentencing error had occurred, such an error is not jurisdictional and would not render his conviction void.

Secondly, Defendant pled guilty to each offense and his sentence complies with Ohio Civ.R. 32(C) [sic]." Dominguez did not appeal from the denial of his May 2012 motion.

{¶ 5} On November 5, 2012, Dominguez filed a "Motion for Resentencing (Oral Hearing Requested)." The motion provided that Dominguez's offenses arose from a bar fight in which Dominguez was attacked by three people. The motion provided that he was choked and hit in the face, and that the offenses occurred when he "tried to pull away in his vehicle." The motion provided that Dominguez "now requests that the Court hold a hearing to determine if indeed his multiple sentences were for allied offense subject to merger as is required by R.C. 2941.25 and the case law interpreting it." The State opposed the motion, asserting that even if the court erred in imposing sentence, the sentences "would be merely voidable – not void." The State asserted that Dominguez's motion was barred by the doctrine of res judicata, since Dominguez did not file a direct appeal.

{¶ 6} On December 19, 2013, Dominguez filed a pro se "Motion to Vacate Judgement," (sic) asserting that the court's "failure to **Merge** allied offenses * * * amounted to plain error." On June 12, 2015, Dominguez filed a pro se "Motion for Re-Sentencing, Pursuant to Crim.R. 52(B) Trial court committed {Plain Error} in failing to conduct a Merger Hearing pursuant to R.C. 2941.25." He argued that he "was convicted of several offenses that all were committed at the same time within the same incident." On June 17, 2015, the State filed "State's Memorandum Contra Defendant's Motion to Vacate Judgement [sic] and Defendant's Motion for Re-Sentencing Pursuant to Crim.R. 52(B)." The State asserted that res judicata applied to bar Dominguez's "claim that his crimes should have merged under R.C. 2941.25." The State further asserted that Dominguez's

"claim of plain error is also precluded by res judicata." On July 2, 2015, Dominguez filed a pro se "Response to State of Ohio's Memorandum Contra to Defendant's Motion for Re[-]sentencing." Dominguez asserted that "[t]he current motion is about the failure of the trial court to hold the [Mandatory Hearing] as required by the Statute. ***Not so much as the Merger itself***, but the failure to hold the Mandatory Hearing in the present case, constituted Plain Error Pursuant to Crim.R. 52(B) regardless of whether it was brought to the attention of the court in this case." Dominguez requested that the court hold a hearing.

{¶ 7} On September 23, 2015, the trial court issued a "Decision Overruling Defendant's Motion to Vacate Judgment and Defendant's Motion for Re-Sentencing Pursuant to Crim.R. 52(B)," which provides: "Specifically, the Court finds the doctrine of [r]es judicata controlling." The court noted that "[b]ecause the Defendant could have raised his allied-offense argument in a direct appeal, *res judicata* precludes him from doing so now." The court noted that *Sate v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061 "is of no benefit to the Defendant because '[a] new judicial ruling may be applied only to cases that are pending on the announcement date * * *,' " and not retroactively. Finally, the court determined that Dominguez's "claim of plain error is also precluded by *res judicata*."

{¶ 8} Dominguez appealed the trial court's decision, and this Court determined in part as follows:

> * * * We express no opinion as to the merits of the allied-offense issue or as to whether the record does demonstrate a reasonable probability that allied offenses subject to merger exist. We cannot reach these issues in

the context of Dominguez's post-conviction motions, which were the subject of the trial court's September 23, 2015 ruling. The trial court correctly recognized that res judicata precludes consideration of Dominguez's allied-offense argument, even in the context of plain error, because he could have raised the issue on direct appeal. * * *

*State v. Dominguez*, 2d Dist. Montgomery No. 26853, 2016-Ohio-5051, ¶ 10.

{¶ 9} On March 3, 2016, Dominguez filed his pro se "Motion for Re-Sentencing Pursuant to R.C. 2967.28 request to correct sentence to improper imposition of Post Release Control." Dominguez asserted in part as follows:

This very district had found that using "up to" language when imposing post release control is error – and renders the post release control portion of the sentence void – where mandatory post release control for a specific number of years is required. See; *State v. Adkins* 2011 Ohio 2819, 2nd District.

Wherefore, Defendant now request [sic] for a Re[-]Sentencing to require the trial court to specify the terms of Post Release Control. Appellant David Dominguez moves this Honorable Court to correct the October 30th 2009 Termination Entry, as that portion of his sentence was void due to the improper imposition of Post Release Control as required by Ohio Law pursuant to R.C. 2967.28.

This court would be reasonable to grant defendant's Motion for Re-Sentencing and allow the October 30th 2009 Termination Entry to be Corrected for the reasons stated herein. * * *

{¶ 10}  The State did not respond to Dominguez's March 3, 2016 motion.  In its decision overruling Dominguez's motion, the trial court determined as follows:

* * * This Court has reviewed the relevant record and the Termination Entry.  The Court on October 27, 2009 plainly informed the Defendant that he "will be required to serve a period of three years Post Release Control."  The Termination Entry, filed On October 30, 2009, specifically states "The Court notifies the defendant that, as part of this sentence, the defendant will be supervised by the parole Board for a Period of THREE years Post-Release Control after the defendant's release from prison."  The Court finds that language plain and unambiguous.  Accordingly, Defendant's motion is **NOT WELL-TAKEN** and is **OVERRULED.**

{¶ 11}  Dominguez asserts the following assignment of error in the table of contents of his brief:

First Assignment of Error NO. 1 THE TRIAL COURT ERRED BY FAILING TO MAKE STATUTORY FINDINGS AS TO THE CONSECUTIVE SENTENCES, PURSUANT TO R.C. 2929.14(C)(4) WHEN IMPOSING CONSECUTIVE SENTENCES.

{¶ 12}  In the body of his brief, Dominguez asserts as follows:

**Assignment of Error No. 1** THE TRIAL COURT ERRED BY FAILING TO PROPERLY IMPOSE THE MANDATORY PORTIONS OF POST RELEASE CONTROL AS STATUTORY [sic] REQUIRED PURSUANT TO R.C. 2967.28(B).

{¶ 13} The body of Dominguez's brief is addressed exclusively to the imposition of

post-release control. His argument regarding consecutive sentencing was not raised before the trial court, and we will not consider it as it is not properly before us. Dominguez asserts in part as follows:

> In the present case, defendant asserts that the trial court erred when it failed to properly impose Post Release control at sentencing. Now comes the Defendant *{David Dominguez}* acting Pro Se for this proceeding only. Defendant asserts to this Honorable Court that pursuant to <u>R.C. 2967.28(b)</u> This Honorable Court failed to properly impose post release control. **Here is Why!** Defendant asserts that pursuant to R.C. 2967.28 the trial court is required to impose a ***"Mandatory"*** Three years post release control.
>
> * * * Defendant <u>only argues</u> the Mandatory portion of his sentence as being Void and therefore contrary to Ohio Law, wherefore his only intent is to bring this Court's awareness to the error within his sentence in spite of being sentenced to a felony two sentence.

**{¶ 14}** The State responds that "the trial court informed Dominguez that he would be required to serve a period of three years post-release control, and that language is mirrored in the termination entry – that he would be supervised for a period of three years after his release from imprisonment." The State asserts, "Moreover, the exclusion of the word 'mandatory' in relation to his post-release control sanction is not determinative." The State asserts that the "mandatory nature of the term was stated, and Dominguez was on notice that he was required to be supervised for three years by the parole board."

**{¶ 15}** R.C. 2967.28 governs post-release control and provides:

* * *

(B) Each sentence to a prison term for a felony of the first degree, for a felony of the second degree, for a felony sex offense, or for a felony of the third degree that is an offense of violence and is not a felony sex offense shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment. * * * Unless reduced by the parole board pursuant to division (D) of this section when authorized under that division, a period of post-release control required by this division for an offender shall be of one of the following periods:

* * *

(2) For a felony of the second degree that is not a felony sex offense, three years;

* * *

**{¶ 16}** As the trial court indicated, Dominguez's sentencing transcript reflects that the previous trial court advised Dominguez at sentencing regarding post-release control. Specifically, the court noted, "I am required to advise you about post-release control." The court then indicated as follows: "Following your release from prison, you will be required to serve a period of three years post-release control under the supervision of the parole board."

**{¶ 17}** Dominguez's October 30, 2009 Termination Entry provides: "The Court notifies the defendant that, as a part of this sentence, the defendant will be supervised by the Parole Board for a period of THREE years Post-Release Control after the defendant's

release from imprisonment." We conclude that the trial court complied with the mandate of R.C. 2967.28 by including a requirement that Dominguez be subject to post-release control imposed by the parole board for a period of three years after his release from imprisonment. Accordingly, Dominguez's assigned error is overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and BROGAN, J., concur.

(Hon. James A. Brogan, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Meagan D. Woodall
David Dominguez
Hon. Richard S. Skelton