[Cite as *State v. Pierce*, 2017-Ohio-9058.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 27543 |
| | : | |
| v. | : | Trial Court Case No. 2004-CR-2747/1 |
| | : | |
| JAMES E. PIERCE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 15th day of December, 2017.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
       Attorney for Plaintiff-Appellee

JAMES E. PIERCE, Inmate No. 516-827, London Correctional Institution, P.O. Box 69, London, Ohio 43140
       Defendant-Appellant-Pro Se

. . . . . . . . . . . . .

TUCKER, J.

**{¶ 1}** Defendant-appellant, James Pierce, appeals pro se from the trial court's decision of September 19, 2016, in which the court: (1) overruled his motion for resentencing pursuant to Crim.R. 52(B); (2) overruled his motion for a modification of the order directing him to pay costs; and (3) overruled his motion for resentencing pursuant to R.C. 2967.28. Finding that Pierce's assignments of error lack merit, we affirm.

### I. Facts and Procedural History

**{¶ 2}** On November 17, 2004, a Montgomery County grand jury issued an indictment charging Pierce with one count of abduction; one count of aggravated burglary; one count of aggravated murder; two counts of aggravated robbery; two counts of felonious assault with a deadly weapon; one count of having a weapon while under disability; and two counts of kidnapping. All of the charges, other than those for abduction and having a weapon while under disability, included firearm specifications. At the State's request, the court entered a nolle prosequi of Count One of the indictment, which was the charge for abduction.

**{¶ 3}** After a jury trial, held between January 30 and February 6, 2006, Pierce was found guilty as charged on all remaining counts.[1] The court sentenced him to serve an aggregate term of imprisonment of 51 years to life, and ordered that he serve mandatory periods of postrelease control.

**{¶ 4}** On February 22, 2006, Pierce moved for a new trial. The court denied Pierce's motion in a decision entered on April 5, 2006, and six days later, Pierce appealed the decision to this court. Raising two assignments of error, Pierce contended that the

---

[1] The charge of having a weapon while under disability was tried to the bench.

trial court improperly disregarded newly discovered evidence when it overruled his motion, and in the alternative, that his convictions were against the manifest weight of the evidence. *State v. Pierce*, 2d Dist. Montgomery No. 21561, 2007-Ohio-1749, ¶ 1, 6 and 14. We affirmed the trial court. *See id.* at ¶ 17.

{¶ 5} Presumably in response to the Ohio Supreme Court's decision in *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, the trial court filed an amended, nunc pro tunc termination entry on March 26, 2010. The amended termination entry, unlike the original, specified the manner of Pierce's convictions. Pierce appealed from the amended entry in Case No. CA 24278, but we dismissed the case for want of a final appealable order.

{¶ 6} On February 14, 2011, Pierce filed a motion with the trial court seeking production of a transcript of the testimony presented to the grand jury that had indicted him in November, 2004. The trial court overruled his motion, prompting Pierce to launch a third appeal. We dismissed the case on jurisdictional grounds. *State v. Pierce*, 2d Dist. Montgomery No. 25199, 2013-Ohio-1372, ¶ 5-6 and 17-18.

{¶ 7} On June 11, 2013, Pierce filed a notice of appeal (Case No. CA 25793) from the trial court's original termination entry of February 28, 2006, simultaneously requesting leave for a delayed appeal under App.R. 5(A). We overruled Pierce's motion for leave and dismissed the case.

{¶ 8} Pierce's instant appeal relates to three motions decided by the trial court: his motion for resentencing pursuant to Civ.R. 52(B) of March 27, 2015; his motion for a modification of the order directing him to pay costs of January 28, 2016; and his motion for resentencing pursuant to R.C. 2967.28. The court overruled these motions in its

decision of September 19, 2016. Under App.R. 5(A), we allowed Pierce a delayed appeal from the court's decision and accepted the notice of appeal he had filed on April 17, 2017.

## II. Analysis

{¶ 9} For his first assignment of error, Pierce argues that:

THE TRIAL COURT FAILED TO PROPERLY IMPOSE POST RELEASE CONTROL PURSUANT TO R.C. 2967.28 BY FAILING TO IMPOSE ANY MANDATORY POST RELEASE CONTROL IN THE ABOVE CASE, THE TRIAL COURT'S IMPOSITION DOES NOT INCLUDE ANY MANDATORY POST RELEASE CONTROL.[2]

{¶ 10} Pierce claims that the trial court did not comply with the requirements of R.C. 2967.28 when it sentenced him inasmuch as it omitted "a [m]andatory term of post release [sic] control in its [termination] entry" of February 28, 2006, and again in its nunc pro tunc termination entry of March 26, 2010. Appellant's Br. 1-3. Specifically, Pierce refers to the court's imposition of postrelease control with respect to his convictions for first degree felonies. *Id.* at 2-3.

{¶ 11} R.C. 2967.28(B) states, in relevant part, that "[e]ach sentence to a prison term for a felony of the first degree, * * * shall include a requirement that the offender be subject to a period of postrelease control imposed by the parole board after the offender's release from imprisonment." Under R.C. 2967.28(B)(1), the mandatory term of postrelease control for "a felony of the first degree [is] five years."

{¶ 12} Here, the trial court's original termination entry indicates that "following

---

[2] Pierce's assignments of error are set forth in this opinion as they appear in his brief.

[Pierce]'s release from prison, [he] will serve a period of five (5) years post-release control under the supervision of the parole board on Counts 2, 5, 6, 7 and 8" of the indictment—the first degree felonies with which he was charged—and the court's nunc pro tunc termination entry includes exactly the same language. (Emphasis added.) The trial court thus satisfied the requirements of R.C. 2967.28. *See State v. Dominguez*, 2d Dist. Montgomery No. 27095, 2017-Ohio-476, ¶ 16-17. Pierce's first assignment of error is overruled.

{¶ 13} For his second assignment of error, Pierce argues that:

THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT APPELLANT'S MOTION FOR RE-SENTENCING PURSUANT TO CRIM.R. 52(B) SENTENCE CONTRARY TO LAW AS TO CONCURRENT SENTENCES.[3]

{¶ 14} Pierce claims that the trial court should have granted his motion for resentencing because he was convicted of "several * * * allied offenses of similar import" that were not merged, which he characterizes as "plain error." (Emphasis omitted.) Appellant's Br. 5. He contends that the court's failure to merge the offenses renders his sentences void. *Id.* at 6.

{¶ 15} According to the Ohio Supreme Court, a sentencing court has a mandatory, rather than discretionary, duty to merge allied offenses. *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 27-28. An appellate court nevertheless " ' "will not consider any error * * * not call[ed] to the trial court's attention at a time when

---

[3] *See supra* note 2. Crim.R. 52(B) states that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

such error could have been avoided or corrected by the trial court." ' "   (Citation omitted.) *See State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 15, quoting *State v. Awan*, 22 Ohio St.3d 120, 122, 489 N.E.2d 277 (1986), quoting *State v. Childs*, 14 Ohio St.2d 56, 236 N.E.2d 545 (1968), paragraph three of the syllabus.   In other words, a party who "fail[s] to seek the merger of his convictions as allied offenses of similar import" at the trial level "forfeit[s] his allied offenses claim for appellate review." *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 21, citing *Quarterman*, 2014-Ohio-4034, ¶ 15; *see also Williams*, 2016-Ohio-7658, ¶ 29; *State v. Hilliard*, 8th Dist. Cuyahoga No. 102214, 2016-Ohio-2828, ¶ 11.

{¶ 16} Here, the record available to us in the present posture of this case includes no evidence that Pierce raised the issue of merger in advance of his trial, during his sentencing hearing, or at any point before he filed his motion for resentencing on March 27, 2015.[4]   As a result, Pierce has forfeited the issue of merger on appeal.   Even if he had not forfeited the issue, however, he would be barred from raising it by the doctrine of res judicata.

{¶ 17} Under the doctrine of res judicata, "any issue that could have been raised on direct appeal," and yet was not, "is not subject to review in subsequent proceedings." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16. Notwithstanding our "agree[ment] [with the principle] that a void sentence can be

---

[4] The only reference to the merger of offenses appears in the termination entries (the original entry and the nunc pro tunc entry), where the court indicated that the firearm specifications attached to "Counts 2, 3, 4, 5, 6, 7, 8, and 10 [would be] merged * * *." Given that the court imposed a separate firearm specification for Count 9—the charge of aggravated murder—and ordered that it be served consecutive to the merged specifications, the court's treatment of the specifications appears to be in compliance with R.C. 2929.14(B)(1)(g).

challenged at any time [irrespective of] res judicata," a sentence will not be deemed void when " 'a trial court finds that convictions are not allied offenses of similar import,' " or when a court " 'fails to make any finding [at all] regarding whether the offenses are allied, [and] impos[es] a separate sentence for each offense that is not [otherwise] contrary to law.' " *State v. Woullard*, 2d Dist. Montgomery No. 27216, 2017-Ohio-2614, ¶ 14, quoting *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 26. In the latter scenario, applicable to the case at hand, any error regarding a purported failure to merge offenses " 'must be asserted in a timely appeal or it will be barred by * * * res judicata.' " *Id.*, quoting *Williams*, 2016-Ohio-7658, ¶ 26; *see also State v. Dominguez*, 2d Dist. Montgomery No. 26853, 2016-Ohio-5051, ¶ 10.

**{¶ 18}** Pierce did not file a direct appeal, and the record before us includes no indication either that Pierce timely raised the issue in the trial court, or that the trial court made any finding with respect to the merger of his convictions.[5] Consequently, we hold that Pierce is barred from raising the issue of merger under the doctrine of res judicata. Pierce's second assignment of error is overruled.

**{¶ 19}** For his third assignment of error, Pierce argues that:

> TRIAL COURT ERRED WHEN DENIED APPELLANT OPPORTUNITY MOTION FOR MODIFICATION OF COURT ORDER PAYMENTS FROM INMATES ACCOUNT.[6]

---

[5] For the reasons stated by the trial court in its decision, Pierce's arguments in favor of the merger of some or all of his offenses would seem unlikely to have been availing in any event. Decision, Order & Entry Overruling Def.'s Mots. for Resentencing and Overruling Def.'s Mot. for Court Order to Modify Payments from Inmate's Account 2-3, Sept. 19, 2016.

[6] *See supra* note 2.

**{¶ 20}** Finally, Pierce faults the trial court for overruling his motion for modification as the result of its "fail[ure] to understand" the relief he sought. Appellant's Br. 8. In his brief, Pierce "asserts [that] he only wanted to allow his family to make payments to the court by removing the hold[] on his [inmate] [ac]count, [and that he did] not [request a] reduc[tion] [of] the amount owed to the court[] by any means." *Id.* The motion, as Pierce submitted it to the trial court, set forth a request for permission "to begin to make payments to the Clerk of [C]ourts [in the amount] of [$]20.00 [per] month." Def.'s Mot. for Court Order Modifying Monthly Amount of Cost Payments 1, Jan. 28, 2016. He explained in the motion that he required the court's permission because of a then-recent modification to Ohio Adm.Code 5120-5-03. *Id.*

**{¶ 21}** Under the current version of Ohio Adm.Code 5120-5-03(E), if "withdrawals [from an inmate's account] are authorized [for payment of court costs,] and if there are insufficient funds in the inmate's account to satisfy [an] amount shown [to be owed by the inmate], a monthly check shall be issued [from the account] payable to the appropriate clerk's office * * *, for the amount of monthly income received into the inmate's account [that] exceeds twenty-five dollars until the full amount of the court obligation has been paid." The previous version directed that monthly payments be made from monthly income in excess of ten dollars.

**{¶ 22}** Though Pierce did not seek to be relieved entirely of the obligation to pay court costs, as he insists in his brief, we lack the authority to rewrite the law. Administrative rules that are promulgated "pursuant to statutory authority [have] the force of law unless [they are] unreasonable or conflict[] with * * * statute[s] covering the same subject matter." *State ex rel. Celebrezze v. Nat'l Lime & Stone Co.*, 68 Ohio St.3d 377,

382, 627 N.E.2d 538 (1994), citing *Youngstown Sheet & Tube Co. v. Lindley*, 38 Ohio St.3d 232, 234, 527 N.E.2d 828 (1988). Ohio Adm.Code 5120-5-03 has been issued under the authority of R.C. 111.15 and 5120.01, and Pierce offers no argument that the regulation itself is unreasonable or in conflict with any statute. Pierce's third assignment of error is overruled.

### III. Conclusion

**{¶ 23}** We find that Pierce's assignments of error lack merit. Therefore, we affirm the trial court's decision of September 19, 2016.

. . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Andrew T. French
James E. Pierce
Hon. Barbara P. Gorman