[Cite as *State v. Shackleford*, 2026-Ohio-955.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO

    Appellee

v.

PHILLIP G. SHACKLEFORD

    Appellant

:
:  C.A. No. 30621
:
:  Trial Court Case No. 1999 CR 03477
:
:  (Criminal Appeal from Common Pleas
:  Court)
:
:  **FINAL JUDGMENT ENTRY &**
:  **OPINION**

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on March 20, 2026, the judgment of the trial court is affirmed, and the matter is remanded to the trial court for the sole purpose of amending the sentencing entry nunc pro tunc as set forth in the opinion.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

ROBERT G. HANSEMAN, JUDGE

TUCKER, J., and HUFFMAN, J., concur.

PHILLIP G. SHACKLEFORD, Appellant, Pro Se
JONATHAN D. MURRAY, Attorney for Appellee

HANSEMAN, J.

{¶ 1} Phillip G. Shackleford appeals pro se from a judgment of the Montgomery County Court of Common Pleas overruling his motion to vacate postrelease control. For the reasons outlined below, the judgment of the trial court is affirmed, and the matter is remanded to the trial court for the sole purpose of amending the trial court's sentencing entry nunc pro tunc to delete certain language that was mistakenly added to the entry when it was amended in 2011.

**Facts and Course of Proceedings**

{¶ 2} In 2000, the trial court sentenced Shackleford to an aggregate term of 23 years in prison after a jury found him guilty of two counts of rape with accompanying firearm specifications. Shackleford appealed from his convictions, and we affirmed them. *State v. Shackleford*, 2001 WL 468415 (2d Dist. May 4, 2001).

{¶ 3} Following our affirmance of Shackleford's convictions, Shackleford filed two petitions for postconviction relief—one in 2003 and one in 2006. The trial court dismissed both petitions and Shackleford appealed. On appeal, we affirmed the trial court's dismissal of Shackleford's petitions. *State v. Shackleford*, 2004-Ohio-2431 (2d Dist.); *State v. Shackleford*, 2007-Ohio-2975 (2d Dist.).

{¶ 4} On August 7, 2008, Shackleford was brought before the trial court so that the court could conduct a limited resentencing hearing for the purpose of reimposing postrelease control as permitted by R.C. 2929.191. The trial court did this because Shackleford was not

properly notified of his postrelease control obligations when he was originally sentenced. Shackleford did not file a transcript of the resentencing hearing for our review. However, the corresponding nunc pro tunc sentencing entry indicates that the trial court imposed the same 23-year prison sentence as before and imposed postrelease control in the following manner:

> Pursuant to ORC 2929.191, the defendant was brought before the court on August 7, 2008, at which time the Court notified the defendant that, as part of his sentence, the defendant **WILL** be supervised by the Parole Board for a period of **FIVE (5)** years Post-Release Control after the defendant's release from imprisonment.

> ON AUGUST 7, 2008, A COPY OF THIS ENTRY WAS PROVIDED TO THE DEFENDANT.

> Should the defendant violate any post-release control sanction or an law, the adult parole board may impose a more restrictive sanction. The parole board may increase the length of the post-release control. The parole board could impose an additional nine (9) months prison term for each violation for a total of up to fifty percent (50%) of the original sentence imposed by the court. If the violation of the sanction is a felony, in addition to being prosecuted and sentence for the new felony, the defendant may receive from the court a prison term for the violation of the post-release control itself.

(Emphasis in original.) Nunc Pro Tunc Termination Entry (Aug. 8, 2008).

{¶ 5} Shackleford appealed from the trial court's resentencing judgment and asserted several ineffective assistance of counsel claims. We found that a majority of Shackleford's claims were beyond our review because he had failed to file a transcript of the resentencing hearing. *State v. Shackleford*, 2010-Ohio-845, ¶ 12 (2d Dist.). Even without the transcript,

we were able to conclude that all of Shackleford's claims lacked merit. *Id*. at ¶ 12-17, 20. We also confirmed that it was appropriate for the trial court to hold a resentencing hearing to correctly advise Shackleford of his postrelease control obligations because he had not yet completed serving his 23-year prison sentence. *Id*. at ¶ 16. Accordingly, we affirmed the trial court's resentencing judgment. *Id.* at ¶ 21.

{¶ 6} On July 21, 2011, the State moved the trial court to amend the sentencing entry nunc pro tunc for the purpose of adding language required by Crim.R. 32(C), i.e., language indicating that Shackleford's convictions were the result of a jury verdict. The trial court sustained the State's motion and thereafter issued a nunc pro tunc sentencing entry on October 5, 2011, adding the jury verdict language.

{¶ 7} The postrelease control language in the 2008 nunc pro tunc sentencing entry was present in the 2011 nunc pro tunc sentencing entry. However, in the 2011 entry, the trial court added the following extraneous language that had appeared in the original sentencing entry from 2000: "Following the defendant's release from prison, the defendant will/may serve a period of post-release control under the supervision of the parole board." Nunc Pro Tunc Termination Entry (Oct. 5, 2011). The trial court deleted this language when it issued the 2008 entry, but mistakenly added it back to the 2011 entry.

{¶ 8} On December 7, 2022, Shackleford was released from prison and placed on postrelease control. Over two years later, on May 14, 2025, Shackleford filed a pro se motion to vacate his postrelease control. In support of his motion, Shackleford claimed that his postrelease control was void because it was not properly imposed by the trial court during his resentencing. Specifically, Shackleford claimed that the language in the 2008 nunc pro tunc sentencing entry stating that he "**WILL** be supervised by the Parole Board for a period of **FIVE (5)** years Post-Release Control" was insufficient to impose mandatory postrelease

4

control. Although his argument referenced only the language in the 2008 entry, Shackleford attached a copy of the 2011 entry to his motion and highlighted the extraneous language indicating that he "will/may serve a period of post-release control."

{¶ 9} On August 1, 2025, the trial court issued a written decision overruling Shackleford's motion to vacate postrelease control. In reaching that decision, the trial court found that it had properly imposed postrelease control during the 2008 resentencing hearing and in the corresponding nunc pro tunc sentencing entry. The trial court also found that the resentencing procedure it had implemented was authorized by R.C. 2929.191. Accordingly, the trial court determined that there was no legal basis to conclude that Shackleford's postrelease control was void or unenforceable. The trial court did not address the extraneous language concerning postrelease control that was later added to the sentencing entry in 2011.

{¶ 10} Shackleford now appeals from the trial court's judgment overruling his motion to vacate postrelease control and raises a single assignment of error for review.

**Assignment of Error**

{¶ 11} Under his assignment of error, Shackleford claims that the trial court failed to provide all the required notifications to properly impose postrelease control during his 2008 resentencing. As a result, Shackleford asserts that his postrelease control is invalid and must be vacated. Shackleford's argument fails for multiple reasons.

{¶ 12} First and foremost, Shackleford's argument is barred by res judicata. "It is well established that res judicata bars the consideration of issues that could have been raised on direct appeal." *State v. Shah*, 2023-Ohio-2328, ¶ 12 (2d Dist.), citing *State v. Saxon*, 2006-Ohio-1245, ¶ 17. The Supreme Court of Ohio has made it clear that "[a]n attack on a trial court's imposition of postrelease control in a sentence must be brought on direct appeal

5

or it will be barred by res judicata." *State v. Bates*, 2022-Ohio-475, ¶ 32, citing *State v. Harper*, 2020-Ohio-2913, ¶ 42-43, and *State v. Hudson*, 2020-Ohio-3849, ¶ 17. Therefore, "any claim that the trial court has failed to properly impose postrelease control in the sentence must be brought on appeal from the judgment of conviction or the sentence will be subject to res judicata." *Harper* at ¶ 43.

{¶ 13} In this case, Shackleford filed a direct appeal from his 2008 resentencing. During that appeal, Shackleford could have, but did not, argue that the trial court failed to make the required notifications to properly impose postrelease control. Instead, Shackleford raised several ineffective assistance claims. Because Shackleford did not challenge the trial court's imposition of postrelease control during the direct appeal from his 2008 resentencing, res judicata bars him from doing so now.

{¶ 14} Next, even if res judicata did not apply, Shackleford's claim that the trial court failed to properly impose postrelease control lacks merit.

{¶ 15} It is well established that "a trial court imposing postrelease control 'is duty-bound to notify [the] offender at the sentencing hearing about postrelease control and to incorporate postrelease control into its sentencing entry.'" (Bracketed text in original.) *State v. Grimes*, 2017-Ohio-2927, ¶ 11, quoting *State v. Jordan*, 2004-Ohio-6085, ¶ 22, *overruled on other grounds by Harper*, 2020-Ohio-2913. "'Statutorily compliant notification' includes notifying the defendant of the details of the postrelease control and the consequences of violating postrelease control, including whether postrelease control is discretionary or mandatory, and the term of supervision." (Cleaned up.) *Grimes* at ¶ 11. "[O]nce the court orally provides all the required advisements at the sentencing hearing, it must then incorporate those advisements into the sentencing entry." *Bates*, 2022-Ohio-475, at ¶ 12,

6

citing *Grimes* at ¶ 8 and *Jordan* at ¶ 17. The sentencing entry must include the following information:

> "(1) whether postrelease control is discretionary or mandatory, (2) the duration of the postrelease-control period, and (3) a statement to the effect that the [APA] will administer the postrelease control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of postrelease control will subject the offender to the consequences set forth in that statute."

(Bracketed text in original.) *Id.* at ¶ 12, quoting *Grimes* at ¶ 1.

{¶ 16} In this case, Shackleford has not provided this court with a transcript of the 2008 resentencing hearing. We note that "[t]he duty to provide a transcript for appellate review falls upon the appellant." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Id*. Therefore, to the extent that Shackleford is arguing that the trial court did not provide the required oral postrelease control notifications during the resentencing hearing, we must presume the regularity of that proceeding and find that the trial court provided all the required notifications. *See Grimes* at ¶ 20, citing *Natl. City Bank v. Beyer*, 89 Ohio St.3d 152, 160 (2000).

{¶ 17} As for the corresponding nunc pro tunc sentencing entry, our review of the record reveals that the entry includes all the required postrelease control notifications. Shackleford claims that the entry failed to notify him that postrelease control was mandatory, but we disagree. The entry states that Shackleford "**WILL** be supervised by the Parole Board for a period of **FIVE** (5) years Post-Release Control after [his] release from imprisonment."

7

(Emphasis in original.) Nunc Pro Tunc Termination Entry (Aug. 8, 2008). This court has explained on several occasions that such language is sufficient to notify a defendant of mandatory postrelease control. *See, e.g., State v. Johnson*, 2020-Ohio-3058, ¶ 9, 18-19 (2d Dist.) (mandatory post release control properly imposed where the sentencing entry advised the defendant that he "will be supervised by the Parole Board for a period of **Five** years Post-Release Control after the defendant's release from imprisonment"); *State v. Harwell*, 2018-Ohio-1950, ¶ 21-23 (2d Dist.) (the trial court's notification that defendant "will be supervised by the parole board for a period of five years" was sufficient to impose a mandatory term of postrelease control; the word "mandatory" was not required); *State v. Dominguez*, 2017-Ohio-476, ¶ 13-17 (2d Dist.) (sufficient notification of mandatory postrelease control found where the sentencing entry stated that "the defendant will be supervised by the Parole Board for a period of THREE years Post-Release Control after the defendant's release from imprisonment"); *accord State v Pierce*, 2017-Ohio-9058, ¶ 12 (2d Dist.). Accordingly, there is no merit to Shackleford's claim that the 2008 nunc pro tunc sentencing entry failed to notify him that postrelease control was mandatory.

{¶ 18} Shackleford also claims that the 2008 nunc pro tunc sentencing entry failed to notify him of the consequences for violating postrelease control as set forth in R.C. 2967.28. We note that Shackleford did not raise this specific argument before the trial court. Arguments that are raised for the first time on appeal are generally waived and are limited to a plain error review. *Edwards v. Galluzzo*, 2024-Ohio-2005, ¶ 22 (2d Dist.). Regardless, Shackleford's claim is belied by the record because the 2008 nunc pro tunc sentencing entry clearly sets forth the consequences for violating postrelease control. *See* Nunc Pro Tunc Termination Entry (Aug. 8, 2008). Therefore, Shackleford's claim to the contrary lacks merit.

{¶ 19} For all the foregoing reasons, Shackleford's assignment of error is overruled.

**Conclusion**

{¶ 20} Having overruled Shackleford's sole assignment of error, the judgment of the trial court is affirmed.

{¶ 21} During our discussion of the facts, we explained that the trial court had mistakenly added the following language to the 2011 nunc pro tunc sentencing entry: "Following the defendant's release from prison, the defendant will/may serve a period of post-release control under the supervision of the parole board[.]" Nunc Pro Tunc Termination Entry (Oct. 5, 2011). Although the parties did not address this mistake in the instant appeal, we find it to be the type of clerical error that should be corrected nunc pro tunc. Therefore, the matter is remanded to the trial court for the sole purpose of having the trial court amend the 2011 sentencing entry nunc pro tunc to delete the aforementioned language.

. . . . . . . . . . . . .

TUCKER, J., and HUFFMAN, J., concur.