[Cite as *State v. Johnson*, 2020-Ohio-3058.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

STATE OF OHIO                    :
                                 :
    Plaintiff-Appellee        :    Appellate Case No. 28482
                                 :
v.                               :    Trial Court Case No. 2010-CR-1871
                                 :
JACQUE L. JOHNSON                :    (Criminal Appeal from
                                 :    Common Pleas Court)
    Defendant-Appellant       :
                                 :

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of May, 2020.

. . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

JACQUE L. JOHNSON, Inmate No. 635-944, London Correction Institution, P.O. Box 69, London, Ohio 43140
    Defendant-Appellant, Pro Se

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1}  Jacque Johnson appeals pro se from a trial court order overruling Johnson's motion to modify his sentences.   For the reasons set forth below, we affirm the judgment of the trial court.

{¶ 2} On August 10, 2010, following his guilty plea, Johnson was convicted on one count of aggravated robbery (deadly weapon), in violation of R.C. 2911.01(A)(1), a felony of the first degree, with a three-year firearm specification.   The trial court sentenced Johnson to three years for aggravated robbery and three years on the firearm specification, to be served consecutively, for a total term of six years.

{¶ 3} On February 27, 2019, Johnson filed a pro se motion to modify his sentences. Johnson asserted that the trial court notified him he would be supervised "by the Parole Board for a Mandatory Five (5) years Post-Release Control after [his] release from imprisonment."   Johnson further argued that he had completed his sentence on the firearm specification, and that the trial court should have sentenced him to concurrent sentences for the aggravated robbery and the firearm specification.   Johnson asserted that the trial court's jurisdiction included his prior cases, Montgomery C.P. Nos. 1982-CR-890 and 1983-CR-2043.   Johnson further asserted:

The Bureau of Sentence Computation enter a new entry different format on Case No. 2010-CR-01871 [sic] and added the court's imposed 3-year mandatory gun specification term to the Defendant's prior case No. 1983-CR-2043 maximum expiration date * * *.

* * *

The Bureau of Sentence added the 3-year firearm specification on Case No. 2010-CR-01871 on 09/09/2010 to the sentence maximum

expiration date 01/21/2025 on the Defendant's prior case No. 1983-CR-2043 without notifying the Court. Johnson's original maximum expiration is 01/22/2022.

{¶ 4} On March 22, 2019, Johnson supplemented his motion with two additional filings, including multiple attachments, and he filed a pro se "Declaratory Judgment to Terminate Post-Release Control" in Case No. 2010-CR-1871. In his motion for "declaratory judgment," Johnson again noted that the trial court had notified him as a part of his sentence that he would be placed on post-release control for a mandatory five-years upon his release from prison." Johnson asserted:

It was the defendant's understandings through his attorney that the prior offense of violence on his prior Case No. 1983-CR-2043 would be dismissed along with having weapons while under disability and aggravated menacing. However this information * * * on Case No. 1983-CR-2043 aggravated robbery was not even documented [in his Judgment Entry of Conviction or his plea form][1] filed in the Court on August 5, 2010. This is error on the court and the court also fail to realize that the Defendant * * * was sentenced under House Bill 261 under the old law on January 26, 1984 for Case No. 1983-CR-2043 and Case No. 1982-CR-890 running concurrent and the defendant should have never been sentenced to post-release control under Sentence Bill 2. Due to the facts his maximum expiration date on his prior sentence Case No. 1983-CR-2043 and prior

_____

[1] Johnson's plea form provides that in exchange for his plea to aggravated robbery, the offenses of having weapons while under disability and aggravated menacing were dismissed.

Case No. 1982-CR-890 that was inappropriately aggregated by the Ohio Parole Board to a total of 12-40 years in March of 1984. The Ohio Parole do not have any jurisdiction over none of Mr. Johnson's Case Nos. or sentences with them not notifying the court or them sending a sentence court order to the court. Plus Mr. Johnson's parole violation Case Nos. over exceeds the time left on his Parole under his Maximum Expiration Date and he cannot be placed under Five (5) years Post-Release Control.

The Defendant Mr. Johnson just recently went to see the Parole Board on January 9, 2019 and he was continued to his Maximum Expiration Date: January 21, 2025. His 3-year firearm specification on Case No. 2010-CR-01871 is running consecutively by the Bureau Sentence Computation on September 09, 2010 due to the court running the firearm 3-year specification consecutively on Case No. 2010-CR-01871. The Defendant Mr. Johnson, has already served over the limit of six (6) on his conviction for the new Case No. 2010-CR-01871. He has been incarcerated for a total of eight (8) and nine (9) months. Since June 14, 2020. * * *

{¶ 5} In its decision, the trial court determined as follows:

On August 5, 2010, Defendant Jacque Johnson * * * pled guilty to one count of Aggravated Robbery with a firearm specification. He committed the offense while on parole. His length of sentence was three years for the robbery conviction to run consecutively with his three year sentence on the firearm specification. He claims he expected to be

released in May, 2016. Defendant, however, was notified at a hearing with the Ohio Adult Parole Authority * * * that he must serve additional time due to the parole violation. The Court has reviewed the record of his plea and sentencing and finds that Defendant was informed by the Court * * * his parole violation could result in additional prison time beyond the six year sentence that he received in the instant case.

{¶ 6} The Court further found:

There is no basis on which to modify Defendant's sentence. In fact, it appears that the six-year sentence which this Court gave him has been served. As was explained to Defendant at his plea hearing, he had prior felony convictions with indefinite sentences. His parole violations for those prior felonies could result in additional prison time as to be determined by the [Adult Parole Authority]. Contrary to Defendant's assertion, he is not serving duplicative time for his gun specification in this case.

The determination of term for his parole violations is under the jurisdiction of the [Adult Parole Authority], not this Court. Therefore, this Court does not have jurisdiction to grant the relief requested by Defendant, and his motions must be OVERRULED.

{¶ 7} Johnson asserts the following assignment of error on appeal:

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT OVERRULED APPELLANT'S DECLARATORY JUDGMENT TO TERMINATE POST RELEASE CONTROL ON CASE NO. 2010-CR-1871.

{¶ 8} We initially note that on March 19, 2020, Johnson filed a pro se "Motion to

Supplement the Record to his Reply Brief," in which he requested that the record on appeal include his August 10, 2010 judgment entry of conviction. Johnson's judgment entry of conviction is properly before us.

{¶ 9} Johnson asserts that he completed his sentence in this case on May 6, 2016, and that he "remains imprisoned on a parole violation on Case No. 1983-CR-2043 aggravated robbery." Johnson asserts that the trial court did not state in writing in the judgment entry for this case (Case No. 2010-CR-1871) that, as part of this sentence, he would be "supervised by the Parole Board for a mandatory period of five years Post-Release Control" after his release from prison. Johnson asserts that, because the trial court did not incorporate "a mandatory period of five years" of post-release control into its judgment entry, that part of the sentence "is void and must be set aside."

{¶ 10} The State responds that the August 10, 2010 judgment entry provided Johnson with proper notice of the terms of his mandatory post-release control. The State also directs our attention to State v. Johnson, 2d Dist. Montgomery No. 27372, 2017-Ohio-9227, in which this Court affirmed the trial court's denial of Johnson's motion to withdraw his guilty plea. Therein, this Court noted the following procedural history:

> In July 2010, Johnson was indicted on one count of aggravated robbery with a three-year firearm specification, one count of having weapons while under disability, and one count of aggravated menacing. At that time, he was on parole for a 1983 aggravated robbery conviction. Following a plea agreement, Johnson agreed to plead guilty to aggravated robbery and the attendant firearm specification. In exchange, the State agreed to dismiss the remaining counts. Both parties agreed to a six-year

prison sentence. The trial court sentenced Johnson to the agreed upon term.

On August 8, 2016, Johnson filed a motion to withdraw his guilty plea.   In the motion, Johnson argued that based upon the plea agreement and sentence imposed, he "had an expectancy to be released on post-release control upon May 18, 2016."   However, he was notified by the Ohio Adult Parole Board that he was required to serve an additional three years in prison due to the violation of his parole related to the 1983 conviction. Thus, Johnson argued that he should be permitted to withdraw his plea in this case because the trial court did not properly advise him that the parole violation could add time to his sentence. * * *

*Id.* at ¶ 2-3.

{¶ 11} This Court further reviewed the transcript of Johnson's August 5, 2010 plea hearing.   It is part of the record and includes the following exchange:

THE COURT:   Are you on probation, parole or community control sanctions for any other offense?

THE DEFENDANT:   I'm on parole, post-release control, I guess. Both of them.

THE COURT: * * * Do you understand that by pleading guilty to this, the parole board can give you some additional time on either one of those?

THE DEFENDANT:   Yes.

THE COURT:   And I have nothing to do with that.   That's between you and the parole board, okay?   Sir, do you understand that?

THE DEFENDANT:  Yes, sir.  I mean, yes, ma'am.

*Id.* at ¶ 9.

**{¶ 12}** This Court concluded that "the trial court's advisement was sufficient to adequately inform Johnson that his plea in this case could adversely affect his parole in the unrelated case," and that Johnson was unable to show prejudice.  "He admits that his sentence for this case has been served.  Thus, even were we to find that he should have been permitted to withdraw his plea, it would have no effect on his current incarceration for parole violation."  *Id.* at ¶ 10.

**{¶ 13}**  In a footnote, the State notes that, although Johnson argued in the trial court that his post-release control should be vacated for various reasons, "he never raised the particular issue he argues on appeal, i.e., that his Termination Entry did not state that his five years of post-release control was mandatory."  The State asserts that Johnson's August 10, 2010 judgment entry contains language sufficient to put Johnson on notice that he would be required to serve five years of mandatory post-release control."  The State therefore asserts that Johnson's assignment of error must be overruled.

**{¶ 14}** In reply, Johnson asserts that the trial court failed to properly advise him at his sentencing hearing "by not incorporating the necessary notifications into the Judgment Entry filed on August 10, 2010."  He asserts that the trial court failed to advise him in writing whether the imposition of post-release control was mandatory or discretionary, and therefore it must be vacated.

**{¶ 15}** As the trial court noted, Johnson served his six-year term, and the Adult Parole Authority has jurisdiction over matters dealing with the violation of parole; accordingly, the trial court lacked jurisdiction to modify Johnson's sentence.  R.C.

2967.15.

{¶ 16} Also, Johnson twice acknowledged that he was notified regarding post-release control.

{¶ 17} At his sentencing herein, the court advised Johnson as follows:

THE COURT: * * *

Following your release from prison, you will be required to serve a period of five-year post-release control under the supervision of the parole board. If you violate any post-release control sanction or any law, then the Adult Prole Authority or parole board may impose a more restrictive sanction. The parole board may increase the length of the post-release control. The parole board can impose a prison term as part of the sentence of up to one and one half of the stated prison term. And if the violation of the sanction is a felony, in addition to being prosecuted and sentenced for the new felony, you may receive from the Court a prison term for violation of the post-release control sanction itself.

{¶ 18} The trial court's judgment entry of conviction provided that Johnson "will be supervised by the Parole Board for a period of **Five** years Post-Release Control after the defendant's release from imprisonment."

{¶ 19} The State directs our attention to *State v. Dominguez,* 2d Dist. Montgomery No. 27095, 2017-Ohio-476, ¶ 16-17, in which this Court determined as follows:

As the trial court indicated, Dominguez's sentencing transcript reflects that the previous trial court advised Dominguez at sentencing regarding post-release control. Specifically, the court noted, "I am required

to advise you about post-release control." The court then indicated as follows: "Following your release from prison, you will be required to serve a period of three years post-release control under the supervision of the parole board."

Dominguez's October 30, 2009 Termination Entry provides: "The Court notifies the defendant that, as a part of this sentence, the defendant will be supervised by the Parole Board for a period of THREE years Post–Release Control after the defendant's release from imprisonment." We conclude that the trial court complied with the mandate of R.C. 2967.28[2] by including a requirement that Dominguez be subject to post-release control imposed by the parole board for a period of three years after his release from imprisonment.

See also State v Pierce, 2d Dist. Montgomery No. 27453, 2017-Ohio-9058, ¶ 12 (the judgment entry stated that defendant "will serve a period of five (5) years post-release control," and the court's nunc pro tunc judgment entry included "exactly the same language," which satisfied the requirements of R.C. 2967.28); State v. Harwell, 2d Dist. Montgomery No. 26838, 2018-Ohio-1950, ¶ 21 (the trial court's notification that defendant "will be" supervised by the parole board "for a period of five years" was sufficient to impose a mandatory term of post-release control; the word "mandatory" was not required).

{¶ 20} Based upon the foregoing, we conclude that Johnson's assigned error lacks

---

[2] R.C. 2967.28(B)(1) provides: "Each sentence to a prison term * * * for a felony of the first degree * * * shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment." For a felony of the first degree, the period of post-release control is five years.

merit, and it is accordingly overruled.

{¶ 21}  The judgment of the trial court will be affirmed.


. . . . . . . . . . . . .



HALL, J. and WELBAUM, J., concur.


Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Jacque L. Johnson
Hon. Barbara P. Gorman