[Cite as *State v. Lee*, 2026-Ohio-299.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | Case No. 2025 AP 04 0016 |
| Plaintiff - Appellee | <u>Opinion and Judgment Entry</u> |
| -vs- | Appeal from the Tuscarawas County Court of Common Pleas, Case No. 2022 CR 07 0252 |
| GARY A. LEE | Judgment: Affirmed |
| Defendant - Appellant | Date of Judgment Entry: January 30, 2026 |

**BEFORE:** Andrew J. King, William B. Hoffman, Kevin W. Popham, Appellate Judges

**APPEARANCES:** Ryan D. Styer, Tuscarawas County Prosecutor, Kristine W. Beard, Assistant Prosecuting Attorney, for Plaintiff-Appellee; Gary A. Lee, Pro se, for Defendant-Appellant

OPINION

*Hoffman, J.*

{¶1} Defendant-appellant Gary A. Lee appeals the March 26, 2025 Judgment Entry entered by the Tuscarawas County Court of Common Pleas, which denied his motion for an order releasing him from postrelease control. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE CASE

{¶2} In May, 2022, Appellant was indicted on one count of gross sexual imposition, in violation of R.C. 2907.05(A)(5), a felony of the fourth degree; and one count of pandering sexually-oriented matter involving an impaired person, in violation of R.C. 2907.322(A)(1), a felony of the third degree. Appellant entered a plea of not guilty to the Indictment. The matter proceeded to jury trial in April, 2023. After hearing all the evidence and deliberating, the jury found Appellant guilty on both counts. The trial court deferred sentencing pending a pre-sentence investigation. At sentencing on June 23, 2023, the trial court imposed an aggregate prison term of 24 months. Appellant filed a timely Notice of Appeal to this Court, which affirmed his convictions and sentence. *State v. Lee*, 2024-Ohio-2044 (5th Dist.). Appellant appealed our decision to the Ohio Supreme Court, which declined to accept jurisdiction. *State v. Lee*, 2025-Ohio-481.

{¶3} On March 3, 2025, Appellant filed a motion for an order releasing him from the improperly imposed term of postrelease control. Therein, Appellant argued the trial court was required to notify him of postrelease control at the time of sentencing, but failed to do so. Via Judgment Entry filed March 26, 2025, the trial court denied Appellant's motion. The trial court found the transcript of the June 23, 2023 sentencing hearing

reflected the trial court's "advisement of post release control and the consequences of non compliance." March 26, 2025 Judgment Entry at p. 1.

{¶4} It is from this judgment entry Appellant appeals, raising as his sole assignment of error:

THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT'S SUBSTANTIAL CONSTITUTIONAL RIGHTS BY FAILING TO GRANT THE APPELLANT AN ORDER RELEASING HIM FROM THE IMPROPERLY IMPOSED TERM OF POST-RELEASE CONTROL.

I

{¶5} R.C. 2967.28(B) mandates "each sentence to a prison term * * * for a felony sex offense * * * include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment." R.C. 2967.28(B) and (C) identify the length of the term of postrelease control supervision for each degree of felony. "[A] trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing." (Citation omitted.) *State v. Bates*, 2022-Ohio-475, ¶ 11. "The trial court must advise the offender at the sentencing hearing of the term of supervision, whether postrelease control is discretionary or mandatory, and the consequences of violating postrelease control." *Id*., citing *State v. Grimes*, 2017-Ohio-2927, ¶ 11.

{¶6} Once the trial court orally provides all the required advisements at the sentencing hearing, it must then incorporate those advisements into the sentencing entry.

*Grimes* at ¶ 8. Thus, to validly impose postrelease control when the trial court provides all the required advisements at the sentencing hearing, the sentencing entry must include:

> (1) whether postrelease control is discretionary or mandatory, (2) the duration of the postrelease-control period, and (3) a statement to the effect that the [APA] will administer the postrelease control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of postrelease control will subject the offender to the consequences set forth in that statute.

**{¶7}** *Id.* at ¶ 1.

**{¶8}** We must determine whether the trial court properly notified Appellant at the sentencing hearing about postrelease control. After imposing Appellant's sentence and advising him of his appellate rights, the trial court stated:

> I'm also required to advise you that you would be subject to a five year period of post release control. After your prison term is served, the parole board will have you on supervision in the community for a period of five years. They would provide you, this is what people commonly refer to as parole, we call it post release control. The parole board would have terms and conditions of supervision for you to follow. If you fail to follow their rules, they can place you under greater restrictions or return you to prison for up to nine months for each violation, for a total of one half of the

original stated prison term.  In other words, they could return you to prison for up to twelve months.  If you serve, excuse me, if you commit a new felony while you're on post release control, you risk having additional time added to the sentence on the new felony, that would be a period of one year or the time remaining on your five years of post release control, whichever is greater.

Transcript of June 23, 2023 Sentencing Hearing at p. 14.

**{¶9}**    The trial court advised Appellant at his sentencing hearing of each of the *Grimes* factors.  The trial court described the term of postrelease control supervision ("a period of five years"), indicated postrelease control was mandatory ("the parole board *will* have you on supervision"), and advised Appellant of the consequences of violating postrelease control ("If you fail to follow their rules, they can place you under greater restrictions or return you to prison for* * *").  A trial court's advisement, "the Defendant *will be supervised by the parole board for a period of five years of post-release control supervision* after his release from imprisonment" is sufficient to notify the defendant postrelease control is mandatory. (Emphasis in original.) *State v. Harwell*, 2018-Ohio-1950, ¶ 19 (2d Dist.).  The use of the word "mandatory" is not required. *State v. Johnson*, 2020-Ohio-3058, ¶ 19 (2d Dist.).

**{¶10}**  Appellant further contends the trial court failed to advise him the "imposition of an additional prison term as a violation for committing a new felony was mandatory." Brief of Appellant at p. 6. Appellant explains the trial court advised him "if he committed a new felony while on post release control, he would '*risk* having additional time added to

the sentence on the new felony', [sic] . . . necessarily implies that 'having additional time added to the sentence on the new felony' is discretionary rather than mandatory."  *Id*.

{¶11}  As the Ohio Supreme Court noted in *State v. Bates*, 2022-Ohio-475, a trial court "also must notify the offender at the sentencing hearing that if he or she 'violates that supervision or a condition of post-release control * * *, the parole board *may* impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender.'" (Emphasis added. Citation omitted.) *Id*. at ¶ 11. The consequences for violating the terms of postrelease control are discretionary and the trial court properly advised Appellant as such.

{¶12}  Accordingly, we find the trial court properly advised Appellant regarding postrelease control.

{¶13}  Based upon the foregoing, Appellant's sole assignment of error is overruled. The judgment of the Tuscarawas County Court of Common Pleas is affirmed.  Costs assessed to Appellant.

By: Hoffman, J.

King, P.J. and

Popham, J. concur